MOORE et al. v. CLARK et al.

(Circuit Court, S. D. New York. June 29, 1894.)

PATENTS—NOVELTY.

Patent No. 236,905, granted to Charles H. Moore, in claim 10, which is for a water-closet bowl formed into a square at the top, and having but one serviceable outlet, does not show patentable novelty. Burt v. Evory, 10 Sup. Ct. 394, 133 U. S. 349, followed.

This was a suit in equity by Carrie L. Moore and another against Alexander Clark and another for the infringement of the tenth claim of letters patent No. 236,905, granted January 25, 1881, to Charles H. Moore for an improved water-closet bowl.

Frank J. Mather, for plaintiffs.

W. P. Preble, Jr., for defendants.

WHEELER, District Judge. This suit is brought upon the tenth claim of patent No. 236,905, dated January 25, 1881, and granted to Charles H. Moore, with 12 claims for a water-closet, consisting of various suitable devices, including a bowl. The other claims are for various arrangements of these devices. This is for:

"(10) A water-closet bowl formed into a square shape at the top by the corners, b, b, b, b, of the bowl, and having but one serviceable outlet."

One figure of the drawings shows a plan view of the bowl, marked "A," in square form, but with rounded corners at the top, becoming more circular downward, having the sloping parts from the corners inward, each marked "b." The specification states one object to be "to provide a bowl of a form at the top to answer as a urinal and slop sink"; that "the closet can be made in separate parts, but I prefer making it in one jointless piece, of any suitable material"; and that in the drawings "A represents a closet bowl, formed into a square shape at the top by the lips, b, b, b, b." These are the only parts of the specification and drawings referring in any manner to the bowl. Before this water-closet bowls had been made with circular and oval tops and one "serviceable" outlet, and slop sinks had been made with square tops. Quite obviously this claim rests upon the square top of the bowl as an improvement upon the circular or oval tops. The carrying out of the top from a circular or oval to a square form altered the form, but did not affect the operation, of the bowl. The change was in degree only, and not in principle, and the form produced had no new function. The advantages claimed are due more to dispensing with a slop tray and to the other changes in the form of the bowl than to the change in the top. In view of Burt v. Evory, 133 U. S. 349, 10 Sup. Ct. 394, this square top does not appear to be patentable, and, as this claim covers nothing else, it does not appear to be valid. Bill dismissed.